(47 Misc. Rep. 455.)

## MILLS et al. v. THOMPKINS et al.

(Supreme Court, Special Term, New York County. June, 1905.)

1. WILLS—CONSTRUCTION—RESIDUARY CLAUSE.

   Where a contrary intention is apparent, the rule that a residuary clause of a will should be liberally construed is without application.

   [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1279–1291.]

2. SAME.

   A will was prefaced with the statement that testator wished to dispose of his "personal property," and the will itself made no mention of real property. The residuary clause, after referring to an alleged balance of account existing in testator's favor, which was to be applied to the payment of his debts, directed that "all other property" should be applied to the payment of testator's debts, and concluded with a clause giving to testator's wife "all the rest, residue, and remainder of my property." *Held*, that the real estate did not pass to the widow under the residuary clause of the will, but descended to testator's heirs, subject to the widow's right of dower.

3. LIMITATION OF ACTIONS—PERSONS UNDER DISABILITIES—INFANTS.

   Under Code Civ. Proc. § 375, providing that, if a person who might sue to recover real property or defend an action brought against him for that purpose is, when his title descends, within the age of 21 years, the time of such disability is not a part of the time limited for commencing the action, the fact that the statute has commenced to run against a mother at the time of her death, and devolution of her title on her then infant child, does not affect the right of the child to assert her disability of infancy as a ground for the suspension of the statute.

   [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, §§ 418, 423.]

Action by Benjamin P. Mills and others against Edward Thompkins and others. Judgment for plaintiffs.

Carlisle Norwood, for plaintiffs.
George S. Daniels, for defendants.

BISCHOFF, J. The question of title presented by the pleadings in this action depends for its solution upon a construction of the will of John Tice, who died seised of the premises in suit. The premises were conveyed by his widow, the assumed devisee of the testator's real estate, under the residuary clause of his will, and the dispute turns upon the question whether this residuary clause and the will as a whole was or was not confined to the disposal of the testator's personal property.

The will commences with the statement:

"I, John Tice, of the city of New York, being at present weak and low in body and apprehensive of death but of sound and disposing mind, memory and understanding and wishing to make a suitable disposition of all such personal property as I may leave behind me, have thought proper to make and publish the following as and for my last will and testament and by these presents do make and publish the same."

The testator then proceeds to dispose of all his household furniture by gift to his wife, with the exception of certain articles which he gives to one of his daughters. Next he provides for the disposal of his interest in certain cloths manufactured in a certain factory, and

then directs that certain accounts existing between him and one Higgins be adjusted and a balance struck; the will then continuing:

"And that after the balance is struck the same be paid over to my executrix and executor and that they apply the same for the payment of my debts generally, and it is my will and wish that all other property of which I may die possessed be applied to the payment of my debts, and I hereby give and bequeath to my wife, Mary, all the rest, residue and remainder of my property, after my debts are paid to have and to hold the same for her and her heirs and assigns forever."

Mindful of the rule that a residuary clause is generally to be given a broad and liberal construction, agreeably to the presumption that the testator intended to dispose of all his property and to avoid intestacy, I am of the opinion that the actual intention of this testator was to dispose of no more than the personal property of which he died possessed. There is throughout this will no mention of real estate in any way; no power of sale is given to the executors, and each specific gift relates wholly to personal property. The residuary clause itself, in view of its placing and its connection in the same sentence with other matter, quite clearly bears the construction that the testator had only his personal property in mind when directing the general disposal, "of all other property;" for this residuary clause is a part of a sentence, which commences with the direction that accounts be struck as between the testator and a certain person with whom he apparently maintained relations out of which a balance of account in his favor would arise, and that the moneys thus derived be applied for the payment of his debts; that all other property "be applied" to the payment of his debts, and that after the debts were paid "all the rest, residue, and remainder" of his property should go to his wife. It is to be presumed that the testator was aware that real estate is not usually turned over in kind for the payment of debts; that the property first applicable to the debts of a deceased person is his personal property, and that the use of the words "personal property" has a well-defined meaning in law. When preparing his will, he prefaced his disposal of his property with the statement that he wished to dispose of his "personal property," and, while these words might be given the sense of property of which the testator was personally possessed, and so might include his real estate, if this should effectuate his apparent intention, the whole instrument is so consistent with the preliminary statement as to make the rejection of the words "personal property" in their ordinary acceptance in law purely arbitrary, and not in consonance with the testator's disclosed intention. The rule that a residuary clause should have a broad interpretation is a canon of construction adopted to effectuate a testator's apparent intent, but this canon of construction applies only where a contrary intention is not otherwise to be gathered from the instrument. Here, as I take it, the contrary intention is quite plain, and it is further supported by another presumption, which should not be overlooked— the presumption that a father does not usually intend to disinherit his children. There is not a word in this will which suggests that Mr. Tice had in view such a disposal of his property as to leave nothing to the nine children whom, as appears from the complaint, he left him surviving; and a disposal of his personal property to his wife, knowing, as he did, that she was also entitled to her dower in his real estate,

is more in harmony with his natural intention, and with the actual form of words which he adopted to express such intentions as he had.

I conclude, therefore, that the widow did not take this real estate under the residuary clause of the will, but, except as to the defendant Irene G. Ganun, it is conceded that the defendants are barred from the assertion of any claim of title as heirs at law by reason of adverse possession and the running of the statute of limitations. As to the defendant Irene G. Ganun, however, there is some dispute as to the application of section 375 of the Code of Civil Procedure. It appears that the adverse possession available to the plaintiffs did not commence unitl the year 1876, and that at that time Zoradia C. McGovern, the mother of this defendant and the daughter of the testator, was living. Mrs. McGovern died in 1877; her daughter, Irene, then being of the age of four years. It is claimed by the plaintiffs that the statute of limitations, having commenced to run against the mother, continued to run against the daughter, and was not suspended by reason of the daughter's disability through infancy, while for this defendant it is contended that, under section 375 of the Code of Civil Procedure, the defendant's right to interpose a defense or counterclaim, founded upon title to real property, as in this case, accrued when she was an infant, and that this being her condition when the title thus descended to her, the fact that the statute had commenced to run against her mother had no effect as against her right to assert her disability by reason of her infancy as a ground for the suspension of the statute. The point has been directly ruled agreeably to the contention of the defendant, upon an exactly similar state of facts, in Meiggs v. Hoagland, 68 App. Div. 182, 188, 74 N. Y. Supp. 234, and under this construction of section 375 of the Code the claim of the defendant Irene G. Ganun was not barred by the statute of limitations at the time when this action was commenced.

There should accordingly be judgment for the plaintiffs as against all the defendants except the defendant Irene G. Ganun; the claim of title on the part of which defendant is found to be established.

Judgment accordingly.